IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:14-CV-2474-CMA

**PRIMAL WEAR, INC.**, a Colorado Corporation,

    Plaintiff,

v.

**ELIZABETH K. ARCH d/b/a/ PRIMAL YOGA**,

    Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

Defendant **ELIZABETH K. ARCH d/b/a/ PRIMAL YOGA** ("Liz Arch" or "Ms. Arch"), by and through her undersigned attorneys, makes this limited appearance and moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P., Rule 12(b)(2), or in the alternative, improper venue under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). Should the Court not dismiss this case entirely, Ms. Arch alternatively moves to dismiss the Fourth and Fifth Causes of Action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. As grounds therefore, Ms. Arch states as follows:

## I. INTRODUCTION

This matter is subject to dismissal under Fed.R.Civ.P. 12(b)(2) and (3). The Court lacks personal jurisdiction over Defendant Liz Arch, an individual domiciled in California. The allegations in Plaintiff's Complaint fail to make a prima facie showing of

either general or specific personal jurisdiction over Ms. Arch.  Plaintiff has failed to allege that Ms. Arch has continuous and systematic contacts with Colorado that would make the exercise of general jurisdiction appropriate.  Plaintiff has also failed to allege that Ms. Arch has purposefully directed her activities toward Colorado with knowledge that doing so would cause harm in Colorado, as necessary to establish specific personal jurisdiction over her.  Finally, Plaintiff has failed to set forth specific allegations establishing that 'a substantial part of the events' giving rise to its claim occurred in Colorado.  Venue is therefore also improper, and dismissal is warranted under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. §1406.

## II. **FACTS**

This is an action for trademark infringement and related causes of action arising from Plaintiff's allegations that Defendant Liz Arch is selling yoga clothing that infringes on Plaintiff's "Primal Wear" mark.  The facts relevant to this motion are as follows:

(1) Defendant Liz Arch is an individual domiciled in the State of California. *Complaint*, ¶ 8.

(2) Ms. Arch provides yoga, martial art and meditation services in California, and has never offered her services in Colorado.  *See Declaration of Elizabeth K. Arch*, ("Arch Decl.") attached as **Exhibit A**, ¶¶ 3, 8, 9.

(3) Ms. Arch does not own or lease any property in Colorado, maintain any offices in Colorado, maintain any bank accounts in Colorado, have any employees in Colorado, or have a registered agent in Colorado.  *Id.*, ¶¶ 4-8, 12.

(4) Ms. Arch has never directed advertising specifically at residents of the State of Colorado; and is further unaware of any Colorado resident contacting her as a result of her website. *Id.*, ¶ 10.

(5) Ms. Arch has not attended any conferences in Colorado. *Id.*, ¶ 13.

(6) While a very limited number of products are offered for sale on Ms. Arch's website, none have been sold to a customer in Colorado or with a Colorado mailing address. *Id.*, ¶¶ 10, 12.

### III. ARGUMENT

**A. Dismissal is Mandated Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction**

While subject matter jurisdition over the allegations in Plaintiff's Complaint under 28 U.S.C. § 1338(a), 28 U.S.C. § 1331, and/or 28 U.S.C. § 1332(a) may be proper, personal jurisdiction over the Defendant is wanting. Indeed, Plaintiff's Complaint is devoid of allegations sufficient to give rise to personal jurisdiction over Ms. Arch. It is the Plaintiff's burden to prove that personal jurisdiction over the Ms. Arch exists. *AST Sports Science, Inc. v. CLF Dist., Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). At the motion to dismiss stage, the plaintiff cannot meet its burden unless it comes forward with evidence, "via affidavit or other written materials [demonstrating] facts that if true would support jurisdiction over the defendant." *Id.*

 1. Legal Framework

The limits of personal jurisdiction under Colorado's long-arm statute, CRS §13-1-124(1)(a), are co-extensive with the United States Constitution. *Keefe v. Kirshcenbaum and Kirschenbaum, P.C.*, 40 P. 3d 1267, 1270 (Colo. 2002); *Archangel Diamond Corp.*

v. *Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Thus, an analysis of due process requirements is necessary to determine when Colorado courts may properly exercise personal jurisdiction over a non-resident defendant. *Leechman Cattle of Colo., LLC v. American Simmental Assoc.*, 2014 WL 4458893 *5 (D.Colo. 2014).

The Due Process Clause "operates to limit the power of a State to assert in personam jurisdiction over a non-resident defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). For a court to exercise personal jurisdiction over a non-resident, the non-resident must have such 'minimum contacts' with the forum such that it is foreseeable that the defendant could "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Furthermore, the exercise of personal jurisdiction over the out-of-state party must not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemp. Comp. and Placement*, 326 U.S. 310, 323 (1945); *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987).

Personal jurisdiction is of two kinds: general and specific. General jurisdiction is established where a nonresident's activities in the state have been "continuous and systematic,"' and not just of a general business nature. *Keefe*, 40 P.3d at 1271. To establish specific personal jurisdiction, "the litigation must result from alleged injuries that 'arise out of or relate to' activities that are significant and purposefully directed by the defendant at residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16

(1984).  Specific jurisdiction also requires that the intentional actions expressly aimed at the forum state cause harm, "the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state."  *SCC Communications Corp. v. Anderson*, 195 F.Supp.2d. 1257, 1262 (D. Colo. 2002), citing, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998); *see also, Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F.Supp.2d 1202, 1207 (D. Colo. 2012).

Plaintiff's Complaint does not allege 'continuous and systematic' contacts by Defendant Arch with the State of Colorado.  *See generally, Complaint.*  Nor does it contain allege that Ms. Arch 'purposefully directed' significant business activities at residents of the State of Colorado.  *See generally, Complaint.*  In fact, the singular allegation that Plaintiff provides in support of its claim that personal jurisdiction is appropriate is that "Defendant sells infringing products over its interactive website." *Complaint*, ¶ 9.  However, as discussed at greater length in the next section, the mere maintenance of an interactive website is insufficient to satisfy due process and establish personal jurisdiction over an out-of-state party.

### 2. The Mere Maintenance of an Interactive Website, Without More, is Legally Insufficient to Create Personal Jurisdiction

The Tenth Circuit has emphasized that, for the purposes of establishing personal jurisdiction based on Internet activity, it is necessary that the person intentionally direct the activity or operation at the forum state, "rather than just having the activity or operation accessible there."  *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).  *Shrader* further explains that, "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the

site, simply because it can be accessed by residents of the forum state.  *Id.*  Rather, "[c]ourts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended to harm the plaintiff occurring primarily or particularly in the forum state.  *Id.*at 1241.

While "operating a web site selling products to residents of a state can subject the seller to general jurisdiction in the state, depending on the nature and degree of commercial activity with the forum state, the bar is 'quite high' and the plaintiff must demonstrate 'substantial sales.'   *Id.*at 1243. In sum, "[a] web site will subject a defendant to general personal jurisdiction when the defendant has actually and deliberately used its web site to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum."  *Id.; see also, Shell v. American Family Rights Ass'n*, 899 F. Supp.2d 1035, 1053 (D. Colo. 2012); *Fairbrother v. American Monument Foundation, LLC*, 340 F.Supp.2d 1147, 1156 (D. Colo. 2004) (focus is on whether defendant has actually and deliberately used its website to conduct commercial transactions or other activities with residents of the forum).   Here, Plaintiff's Complaint falls well short of alleging 'substantial' or 'sustained' sales in Colorado sufficient to establish general personal jurisdiction over Defendant.  Again, Plaintiff has alleged nothing more than the maintenance of an out-of-state interactive website which can be viewed in Colorado.  *See Complaint*, ¶ 9.  Furthermore, as noted in Defendant Arch's declaration, her website is not known to have generated a single Colorado contact or sale.  *Ex. A*, ¶¶ 10, 12.

Specific personal jurisdiction is also not established by the mere maintenance of an interactive website. "[D]espite the growing ease of national and international commerce made possible by the Internet, participation in the global, cyber-marketplace does not render the user subject to jurisdiction in any forum where his communications may have traveled…" *Allison v. Wise*, 621 F.Supp.2d 1114 (D.Colo. 2007) (finding lack of personal jurisdiction even if harm of infringement was 'felt' in Colorado where there was no evidence that website expressly and purposefully aimed activities to Colorado). A "court cannot say that merely because Colorado residents can order from [defendant's website], the company has purposefully directed its activities toward Coloradans, any more than it has directed its activities toward the nation (or world) in general." *The Boppy Company v. The Lovee Products Corp.,* 2004 U.S. Dist. LEXIS 26475 *4 (D. Colo. 2004) (rejecting personal jurisdiction based solely on fact that web site was interactive, where there was no evidence that the defendant purposefully directed its activities toward Colorado). Here, Plaintiff has failed to allege intentional direction of internet sales or activities toward Colorado necessary to establish specific personal jurisdiction. *See also, Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F.Supp.2d 1202, 1207 (D. Colo. 2012). Additionally, as established by Defendant Arch's Declaration, she *has* no contacts with the State of Colorado such that it could be stated that she has purposefully availed herself of the benefits and protections of doing business in Colorado, or have a reasonable expectation of being 'haled into Court' here. *See generally, Exhibit A*. The minimum contacts required by Due Process has not been met, and dismissal under Fed. R. Civ. P. 12(b)(2) is necessary.

### B. Dismissal for Improper Venue is Appropriate Under FedRCivP 12 (b)(3) and 28 U.S.C. § 1406.

In the alternative, the case should be dismissed for improper venue. Fed.R.Civ.P. 12(b)(3). 28 U.S.C. § 1406(a) provides that, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is Plaintiff's burden to support its pleading of proper venue with specific "competent proof of the supporting facts." *See Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F.Supp.2d 1202, 1209 (D. Colo. 2012), citing *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). Conclusory allegations are insufficient to meet this burden. *Id.* As further detailed below, Plaintiff's Complaint does not meet the requisite burden and dismissal is appropriate .

Plaintiff alleges, without specific factual support, that venue is proper under 28 U.S.C. § 1391 "because Defendant does business and offers products for sale in this District over its interactive website, and acts of infringement complained of herein occurred and continue to occur in this district." *Complaint*, ¶ 11. Venue over a nonresident natural person is only proper under 28 U.S.C. § 1391(b)(2) if "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. Plaintiff's Complaint offers no specific factual allegations that "substantial events or omissions" occurred in Colorado sufficient to establish venue under 28 U.S.C. § 1391(b)(2). Plaintiff's conclusory allegation that "Defendant does business and offers products for sale in this District" is insufficient to establish venue as a matter of law. *Floyd's, supra*.

Presence of an interactive website does not alter the legal insufficiency of the conclusory venue allegations in Plaintiff's Complaint. Propriety of venue based on internet activity should be based on the same principles governing whether a website confers personal jurisdiction.[1] *Mrs. U.S. Nat. Pageant, Inc. v. Miss U.S. Organization, LLC*, 875 F.Supp.2d. 211, 226 (WDNY 2012); *see also, Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282, 1288 (D. Ariz. 2009) (the fact that advertising on website is accessible to residents of the forum is insufficient to establish venue). Given the overlap between 'minimum contacts' jurisdictional analysis, and the 'substantial part of the events' venue analysis, this authority is persuasive. As set forth in the previous section of this Motion, the Complaint does not allege systematic and significant internet sales with Colorado residents, nor does it allege that internet activities were purposefully directed toward Colorado. Accordingly, venue is improper.

Finally, any efforts by Plaintiff to request additional discovery or an evidentiary hearing would be futile. No amount of discovery would cure the deficiencies in Plaintiff's pleading. Defendant Arch does not, in fact, do any business in Colorado. *See generally*, *Declaration of Liz Arch*, **Ex. A**. She has no presence in the State. *Id.* at ¶¶ 4-8,12. She does not direct advertising at residents of Colorado. *Id.* at ¶10. Furthermore, although Defendant Arch has a website that allows sale of a few clothing items, no sales to a Colorado resident have occurred. *Id.* at ¶ 12. No Colorado resident is known to have even inquired about Defendant Arch's services or products as a result of her website. *Id.* at ¶ 10. Plaintiff's Complaint also fails to allege any specific instances of

---

[1] District of Colorado and Tenth Circuit case law on venue in trademark cases related to Internet activity could not be located. Accordingly, citations are made here to the persuasive published opinions of sister districts.

actual consumer confusion in Colorado. *See generally, Complaint.* In sum, Plaintiff does not meet its burden of demonstrating that a "substantial part" of the basis for its claims occurred in Colorado. Venue is improper, and the case should be dismissed under 28 U.S.C. § 1406 (a).

In the unlikely event the Court should decline to dismiss for lack of personal jurisdiction and/or improper venue, the case should at a minimum be transferred to the United States District Court for the Central District of California. *See Dart Intern., Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541 (D. Colo. 1995) (Judge Babcock granting transfer where both jurisdiction and venue were proper in another forum).The Central District of California is the district in which Defendant resides; making venue proper under 28 U.S.C. § 1391(b)(1)[2]. Since venue is improper in Colorado, if the Court does not dismiss the complaint outright, it should transfer this action to the Central District of California.

**C. Dismissal of the Fourth Cause of Action for Federal Dilution Claim is Warranted for Failure to State A Claim Upon Which Relief Can Be Granted.**

The Federal Dilution claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Even accepting as true the well-pleaded allegations of the Complaint, Plaintiff must still allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atlantic*

---

[2]  Notably, Plaintiff's Complaint clearly identifies its contacts with, and presence in the State of California. For example, in Paragraph 24 and of the Complaint, Plaintiff states that it markets its products with retailers such as Sports Authority and Amazon.com that do business in multiple states, including California. Paragraph 28 of the Complaint also states that Plaintiff hosts the Sea Otter Classic, a bike event held in Monterey, California, that "hosts 10,000 athletes and 65,000 fans." Plaintiff clearly has sufficient contacts with—and resources in—California to pursue the litigation there. With such a dearth of facts supporting jurisdiction or venue in Colorado, Plaintiff's motivations to sue in Colorado could not have been for any purpose other than to harass Ms. Arch.

*Corp. v. Twombley*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*, 550 U.S. 544). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [ ] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 679.

Here, Plaintiff has not even alleged "threadbare recitals of the elements of [the] cause of action" for Federal Trademark Dilution.

### 1. Plaintiff utterly failed to plead facts supporting each element of a prima facie case of Federal Trademark Dilution.

15 U.S.C. 1125 (c)(1) provides:

Subject to the principles of equity, the owner of a <u>famous</u> mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, **at any time <u>after</u> the owner's mark has become famous, commences use of a mark or trade name** in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury. (emphasis added)

The statute is unambiguous that relief is only available if a junior user commences use of a mark or trade name *after* the owner's mark has become famous. This statutory requirement has been uniformly followed by the Courts. *See, e.g., Water-Pik, Inc. v. Med-Systems, Inc.,* 848 F.Supp. 2d 1262, 1282 (D. Colo. 2012) (under TDRA, Plaintiff

is only entitled to relief against a person who, at any time <u>after</u> the owner's mark has become famous, commences use of the mark or trade name in commerce that is likely to cause dilution); *Trans Union LLC v. Credit Research, Inc.,* 142 F.Supp.2d 1029 (N.D.Ill. 2001)(In order to prove trademark dilution, Trans Union must establish that: (1) its logo and trade name are famous trademarks; (2) defendants' use began after the marks had become famous;...); *Eacceleration Corp. v. Trend Micro, Inc*, 408 F.Supp.2d 1110 (W.D. Wash. 2006)( Under the FTDA[3], a plaintiff must prove the following ... (4) defendant's use began after the plaintiff's mark became famous citing *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905-12 (9th Cir.2002)); *Steak Umm Co. v. Steak 'EM UP, Inc.*, 2011 WL 3679155 (E.D. Pa., 2011); *Gtfm, Inc. v. Solid Clothing, Inc.,* 215 F.Supp.2d 273 (S.D.N.Y. 2002) (There are five elements of a trademark dilution claim in the Second Circuit:... (4) it must begin after the senior mark has become famous); *Gaylord Entertainment Co. v. Gilmore Entertainment*, 187 F.Supp.2d 926 (M.D. Tenn. 2001)("To establish a dilution claim... (4) it must begin after the senior mark has become famous ....'); *Reed Elsevier, Inc. v. Thelaw.Net Corp.*, 269 F.Supp.2d 942 (S.D. Ohio, 2003)( "to make out a claim for trademark dilution, a plaintiff must demonstrate the following: ... (4) the junior use must begin after the senior mark has become famous.... citing, *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 577 (6th Cir.), cert, denied, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 273 (2000)); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002 (9th Cir. 2004)(fame of the mark under the FTDA is to be measured as of the date of the arguably diluting use by the defendant).

---

[3] The FTDA [Federal Trademark Dilution Act] was the first federal dilution act. The TDRA [Trademark Dilution Revision Act of 2006] amended the FTDA. Both required that the junior user's use commence after the owner's mark became famous.

Plaintiff's Complaint is utterly devoid of any allegations setting forth the date upon which Plaintiff's mark allegedly became famous. Even if Plaintiff's mark is famous today (which is denied)[4], that does not meet the *prima facie* elements for cause of action for dilution. As such, the Fourth cause of action fails to allege essential elements of the *prima facie* case of Federal Trademark Dilution, is defective and must be dismissed.

**D. Dismissal of the Fifth Cause of Action for Various State Dilution Claims is Warranted for Failure to State A Claim Upon Which Relief Can Be Granted.**

Plaintiff's Fifth Cause of Action seeks relief under the State Dilution statutes in Oregon, Delaware, Louisiana, Maine, Massachusetts, Missouri, New Hampshire, Rhode Island and New York. However, Plaintiff never alleges that Ms. Arch is conducting any activities in those states or that any of those states have any special or "significant relationship" to Plaintiff. In other words, no showing has been made by Plaintiff that the laws of these other states are applicable. Accordingly, Plaintiff has failed to state a cognizable claim for relief and dismissal is appropriate under Fed.R.Civ.P. 12(b)(6).

---

[4] Indeed, Plaintiff knew it could not meet this pleading requirement and artfully tried to avoid it. Ms. Arch registered not one but two PRIMAL YOGA trademarks with the U.S. Patent & Trademark Office in 2011. As part of that registration process, the USPTO determined there was no likelihood of confusion and no dilution. Plaintiff did not "oppose" those applications and allowed them to mature to registrations. Only as part of a belated attempt to harass Ms. Arch did Plaintiff bring a petition to cancel **one** of Ms. Arch's registrations with the US PTO, and then only as to certain limited goods. Plaintiff's actions reflect the antithesis of a fame/dilution claim which, if he requirements are met, prohibits use of the mark with *any* goods or services. Indeed, see *Nissan Motor v. Nissan Computer, supra,* where the Ninth Circuit held that use of Nissan with computers would be enough to preclude/cutoff a fame/dilution claim as to the Nissan mark used with automobiles. Here, when Plaintiff, Primal Wear, was dissatisfied with the USPTO proceedings, it then brought this action in a district far flung from Ms. Arch's business and activities.

Here, the only state in which Plaintiff has attempted to allege sales or advertising have occurred, Colorado[5], does not have a state trademark dilution statute. A state statute unrelated to a defendant and in a jurisdiction where a defendant does not have any contacts cannot be extraterritorially applied to prohibit conduct in other states where the conduct is legal. Such a proposition is an affront to the principles of sovereignty and commity. While federal courts may exercise supplemental jurisdiction of state law claims under 28 U.S.C. § 1367(c), there must still be a showing by a plaintiff that application of a given state's laws is proper based on choice of law principles. A federal district court is required to apply the choice of law principles of the state in which it is sitting. *Hoiles v. Alioto*, 461 F.3d 1224, 1230 (10th Cir. 2006). Colorado has adopted the "most significant relationship" approach of the Restatement (2nd) of Conflict of Laws. *Id.*, citing, *Wood Bros. Homes, Inc. v. Walker Adj. Bureau*, 601 P.2d 1369, 1372 (Colo. 1979). As set forth above, the Plaintiff has failed to allege any relationship between her claims and other states, let alone one that would meet the 'significant relationship' criteria under the Restatement. The absence of any allegations that Ms. Arch is conducting business in any of the states identified in the Fifth Cause of Action precludes Plaintiff, as a matter of law, from establishing a violation of those state laws[6]. Not only does the failure to allege essential facts warrant dismissal for failure to state a cause of action, but this Court should not take Plaintiff up on its offer to engage in providing advisory opinions on other state's laws.

In view thereof, Plaintiff's Fifth Cause of Action should be dismissed.

---

[5] *See Complaint*, ¶ 11.
[6] Even if Plaintiff had properly pled foreign state dilution laws, any potential relief would only apply to activities within those states.

## IV. CONCLUSION

As set forth above, the Plaintiff's Complaint fails to allege specific competent evidence sufficient to state a prima facie case that personal jurisdiction or venue are appropriate. This matter is therefore subject to dismissal under Fed.R.Civ.P. 12(b)(2) and (3). Alternatively, should the Court decline to dismiss the entire action, dismissal of the Plaintiff's Fourth and Fifth Causes of Action is appropriate under Fed.R.Civ.P. 12(b)(6). Plaintiff has failed to plead the requisite elements of a claim under 15 U.S.C. 1125 (c)(1), and Plaintiff has failed to allege any specific facts showing a 'significant relationship' with extraterritorial states warranting application of their statutes under choice of law principles.

DATED this 4th Day of December, 2014.

Respectfully submitted,

**OVERTURF MCGATH & HULL, P.C.**


/s/January D. Allen
Mark C. Overturf
January D. Allen
625 E. 16th Avenue, Suite 100
Denver, Colorado 80203
303-860-2848 – Telephone
303-860-2869 - Facsimile
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 4, 2014, the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey H. Kass
Britton St. Onge
POLSINELLI, PC
1515 Wynkoop, Suite 600
Denver, CO 80202

    /s/Kristen E. Polson