## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-02474-CMA-NYW

PRIMAL WEAR, INC., a Colorado Corporation

        Plaintiff,

v.

Elizabeth K. Arch d/b/a PRIMAL YOGA,

        Defendants.

---

**[AMENDED PROPOSED] STIPULATED PROTECTIVE ORDER AND F.R.E. 502(d) ORDER**

---

WHEREAS, the parties to the above-captioned case (the "Action" and the "Parties") may seek discovery of documents, information or other materials that may constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information, of other parties or third parties within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such trade secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order to advance this Action and prevent unnecessary dissemination or disclosure of such secret or other confidential research, development, or commercial information; and

WHEREAS the parties have established good cause for entry of this Stipulated Protective Order;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:

**1.**     This Stipulated Protective Order (the "Order") shall govern the disclosure, production and use of information, documents and tangible things in connection with the Action.

**2.**     **SCOPE OF PROTECTIVE ORDER**

(a)     Confidential Information - Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced to any other person or entity ("receiving party") as CONFIDENTIAL INFORMATION if the producing party claims in good faith that such information, document or tangible item embodies, constitutes, contains, reveals, relates to, or reflects proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The producing party must give notice, as provided in this Order, that such information, document or tangible item comprises or contains CONFIDENTIAL INFORMATION.

(b)     Non-Confidential Information - CONFIDENTIAL INFORMATION shall not include:

(1)     Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

(2)     Information which after disclosure is published or becomes part of the public domain, through no fault of a person receiving information under this Order, but only after it is published or comes into the public domain not in violation of this Order;

(3)     Information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations; or

(4)     Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure; or

(5)     Information that is discovered independently by the receiving party by means that do not constitute a violation of this Order; or

(6)     Information that was, is, or becomes expressly released from being designated CONFIDENTIAL INFORMATION (as defined below), by the producing party or by order of the Court.

(c)     Designation of CONFIDENTIAL INFORMATION - All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL INFORMATION must, prior to production to the receiving party, be labeled by the producing party with the legend: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as appropriate, or suitable equivalents thereof.

(d)     Documents for Inspection - All information, documents, or tangible things made available for inspection (such as for selection of materials for copying and production) shall be treated as information designated CONFIDENTIAL INFORMATION until produced in tangible form by the producing party. Once produced in tangible form, the information, documents or tangible things shall be treated as labeled by the producing party under the provisions of this Order.

(e)     Depositions and Oral Disclosures - All information to be disclosed at a deposition, or otherwise orally, shall be automatically designated as CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date the final deposition transcript becomes available.[1] Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the receiving party before the expiration of the thirty-day period, counsel for the producing

---

[1] All references to "days" mean calendar days.

party claims in good faith that the deposition transcript (or specified portion(s) of it) contains CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the producing party stated on the record that certain portions or the entirety of the deposition transcript contains CONFIDENTIAL INFORMATION. The court reporter must mark the transcript accordingly pursuant to the specified designation.

(f)     Written Discovery and Testimonial Documents - At least the first page of any correspondence, any written discovery request or response (including interrogatories, document requests, and requests for admission), or any report of an expert witness that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked as either CONFIDENTIAL INFORMATION when served on the receiving party.

(g)     Use of CONFIDENTIAL INFORMATION - The CONFIDENTIAL INFORMATION of another party pursuant to this Order shall not be used for purposes other than this Action, including but not limited to, any other legal, regulatory, research, development, commercial or business purpose, including the pursuit of intellectual property rights, including patent prosecution, or in connection with another legal or regulatory proceeding in the U.S. or a foreign country, subject to any further order of this Court regarding confidentiality.

(h)     Expert Discovery - The Parties agree to exclude from discovery all draft expert reports, expert notes, and communications between Counsel and experts relating to the Action. The Parties and their testifying experts must otherwise comply with the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2). This section shall not prevent a party from inquiring into the basis of an Expert's opinion, including but not limited to, inquiries into where and how an expert located any facts or material he relied on in his report(s).

(i)     New Parties - In the event that a new party is added, substituted, or brought into the Action, this Protective Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.

(j)     This Protective Order also applies to all copies, summaries, translations, abstracts or similar compilations containing information, documents or things derived from a producing party's trade secret or other confidential research, development, or commercial information. Any designation of CONFIDENTIAL INFORMATION shall apply to any copies, summaries, translations, abstracts or similar compilations of such CONFIDENTIAL INFORMATION.

### 3.     DESIGNATION OF DOCUMENTS

Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number. A producing party's designation under the provisions of this Protective Order shall constitute a representation that counsel for the producing party believes in good faith that the designation is appropriate under the standards set forth herein.

### 4.     MAINTENANCE OF DOCUMENTS

All CONFIDENTIAL INFORMATION that is disclosed or produced in connection with the Action (1) shall be maintained in strict confidence by the receiving party; (2) shall be used solely in connection with the Action; and (3) shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

### 5.   ACCESS TO CONFIDENTIAL INFORMATION

(a)   Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

(1)   Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary or affiliate of any Party), provided that each person receiving CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(2)   Outside litigation counsel for any Party, and the staff of said outside counsel;

(3)   Outside experts or consultants for any Party who are not employees of a receiving party and who are retained in connection with the disputes between or among the Parties, and their supporting personnel, only to the extent necessary to carry out duties related to this litigation; provided that each outside expert or consultant receiving CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(4)   Non-technical trial consultants, graphics or design firms, copying vendors, and information technology consultants retained by outside counsel for any Party for the purpose of preparing, organizing, copying and otherwise using CONFIDENTIAL INFORMATION for purposes solely related to the Action, including their supporting personnel;

(5)   Licensed court reporters and videographers employed in connection with this Action solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the parties;

6

(6)     Authors, creators, addressees, and other recipients of CONFIDENTIAL INFORMATION, who, prior to the commencement of the Action, lawfully received or had access to the protected information;

(7)     This Court and its authorized personnel;

(8)     Any person agreed to in writing by the producing party.

**6.     COURT FILINGS**

(a)     A party must redact CONFIDENTIAL INFORMATION from a filing if it is practicable to do so, but any filing containing CONFIDENTIAL INFORMATION must be ~~subject to restricted access. All filings that contain CONFIDENTIAL INFORMATION~~ shall be accompanied by a motion to restrict public access that complies with D.C.COLO.LCivR 7.2 and that demonstrates that the CONFIDENTIAL INFORMATION at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598-602 (1978) (applied in *Western Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013)).  Any person identified in Subparagraphs 5(a) or 6(a)  as permitted access to CONFIDENTIAL INFORMATION, may view filings in this Action designated as Level 1 restricted access under D.C.COLO.LCivR 7.2.  <u>However, nothing in this Protective  Order binds the court to the grant of any filed Motion to Restrict, and in the event of a denial of  the Motion to Restrict, the subject documents may be publicly availab</u>le. For this reason, prior to submitting a filing containing CONFIDENTIAL INFORMATION, with the accompanying motion to restrict public access, counsel shall confer as required by D.C.COLO.LCivR 7.1, and, at the election of the party designating the information as CONFIDENTIAL INFORMATION, a hearing will be requested ~~with the Magistrate Judge~~ on the issue of entitlement to protection of the CONFIDENTIAL INFORMATION, prior to the submitting the filing.

(b)     Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties in the Action. Nothing in this provision relieves a party of liability for damages caused by failure to properly file CONFIDENTIAL INFORMATION under seal. The burden  of proving that such information should be sealed shall at all times remain on the party which designated the information as CONFIDENTIAL INFORMATION.

## 7.     USE BY PARTIES OF CONFIDENTIAL INFORMATION

CONFIDENTIAL INFORMATION may only be used, relied upon, and referred to in connection with this Action. CONFIDENTIAL INFORMATION may be used in connection with any testimony or other evidence presented at any trial, hearing, or deposition in connection with this Action, consistent with and under the terms of this Order, and subject to any further order of this Court regarding confidentiality, as follows:

(a)     a party may examine, at a deposition, ~~hearing or trial,~~ persons who are authorized to receive CONFIDENTIAL INFORMATION under the terms of this Order, to the extent that such persons are permitted access to such information under this Order, or as otherwise permitted by the Court;

(b)     a party may examine, at a deposition, ~~hearing or trial,~~ persons who are not authorized to receive CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns CONFIDENTIAL INFORMATION (i) for which the producing party is the witness' current employer, (ii) was generated during the witness' employment at the producing party in the event of a prior employee, or (iii) that the witness authored or previously had access to or knowledge of, as demonstrated by the CONFIDENTIAL INFORMATION

itself or by foundation testimony during a deposition, ~~hearing or trial,~~ or otherwise only as permitted by the Court. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION. Further, this Order shall not prevent counsel from impeaching, contradicting, or confronting such a witness at trial with such materials. <u>The use of CONFIDENTIAL INFORMATION at hearing and/or trial will be governed the practice standards and/or orders of the judicial officer presiding over such hearing and/or trial.  Nothing in this Order may be construed requiring the court to restrict access to the courtroom.  To the extent that a party seeks to restrict access to a court proceeding, the party will file an appropriate motion with the court.</u>

## 8.    ATTENDEES OF DEPOSITIONS

Consistent with the other provisions of this Protective Order, when a party's or third party's CONFIDENTIAL INFORMATION is discussed or disclosed during a deposition, the party or third party may exclude any person not authorized under this Order to have access to the CONFIDENTIAL INFORMATION from the deposition while the CONFIDENTIAL INFORMATION is disclosed or discussed.

## 9.    ATTORNEY ADVICE TO CLIENT

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice, the attorney shall not disclose any CONFIDENTIAL INFORMATION or received from a producing party to unauthorized persons.

## 10.    CHALLENGES TO DESIGNATION

A receiving party's acceptance of CONFIDENTIAL INFORMATION from a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Protective

Order shall not foreclose any party from moving for an order that CONFIDENTIAL

INFORMATION is not confidential within the meaning of Federal Rule of Civil Procedure

26(c)(1)(G), or otherwise subject to protection from disclosure by the Court. Prior to bringing

such a motion, however, the receiving party shall first request in writing that the producing party

change or remove its confidentiality designation. If the producing party refuses to change its

confidentiality designation within fourteen (14) days, the receiving party may move for an order

changing or removing the designation. On such a motion, the producing party shall have the

burden of proving that the CONFIDENTIAL INFORMATION embodies, constitutes, contains,

reveals, ~~relates to,~~ or reflects trade secrets, processes, operations, research, technical or

developmental information or apparatus, production, marketing, sales, shipments, or other

proprietary or confidential trade secret, technical, business, financial, or personnel information

within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or is otherwise subject to

protection from disclosure by the Court.

## 11.    CORRECTION OF INADVERTENT FAILURE TO DESIGNATE

The disclosure and/or production of any information, document or tangible item without

a designation of CONFIDENTIAL INFORMATION shall not constitute a waiver of any claim

of confidentiality. Where such undesignated disclosure or production resulted from inadvertence

or mistake on the part of the producing party, such inadvertence or mistake shall be brought to

the attention of the receiving party in writing within fourteen (14) days upon discovery of the

inadvertent disclosure. Along with the notice of such inadvertent or mistaken undesignated

disclosure or production, the producing party shall provide properly designated documents

and/or tangible items, if applicable. Upon receipt of such notice and properly designated

documents and/or tangible items, if applicable, the receiving party shall substitute properly

designated copies for those previously received and treat the information contained in or derived

from said replaced documents and/or tangible items as CONFIDENTIAL INFORMATION, and

the receiving party shall return to Outside Counsel for the Producing Party or third party all such

previously undesignated information with all copies, or certify destruction thereof, within seven

(7) days after receiving the substitute copies. Upon receipt of notice, the receiving party shall honor the provisions of this Order and shall consider and treat as properly CONFIDENTIAL INFORMATION the previously undesignated information. Under such circumstances, no receiving party shall have any obligation or liability due to any good faith disclosure of the information which occurred before the receipt of notice; provided, however, that any subsequent disclosure shall be in accordance with such corrected designation.

**12.    INADVERTENT DISCLOSURE BY RECEIVING PARTY**

Should any CONFIDENTIAL INFORMATION be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall:

(a)    use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms of this Order;

(b)    within three (3) days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and

(c)    request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) days of its receipt by the receiving party. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

**13.    NO REQUIREMENT TO WAIVE PRIVILEGE**

Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things

that counsel contends is partially protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "RP", "Redacted - Privileged", or a similar marking.

### 14.    F.R.E. 502(d) ORDER

The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or any other federal or other state proceeding. This Order shall be interpreted to provide the maximum amount of protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct review of documents, information or tangible items for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

### DISCOVERY REQUESTS RECEIVED FROM THIRD PARTIES

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any party who receives a request from a third party that covers CONFIDENTIAL INFORMATION through a subpoena or other legal process shall inform the third party of this Protective Order and notify the counsel of record for the party who has produced the CONFIDENTIAL INFORMATION of the third party's request, in sufficient time to afford that party, and so that the party may have, an opportunity to appear and be heard on whether that information should be disclosed. The producing party shall then have the right to challenge the subpoena or otherwise contest production of its CONFIDENTIAL INFORMATION, consistent with the requirements of the Federal Rules of Civil Procedure. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest

a subpoena or other process, to appeal any order requiring production of CONFIDENTIAL INFORMATION covered by this Protective Order, or to subject itself to penalties for noncompliance with any legal process or order.

### 15.    CONFIDENTIAL INFORMATION RECEIVED FROM THIRD PARTIES

If, in responding to a discovery request, subpoena, other legal process or otherwise, a third party discloses CONFIDENTIAL INFORMATION belonging to or owned by a party, the information disclosed by the third party shall be accorded the same protection as if it were received from a producing party under this Protective Order. In such an event, a party, in good faith believing the information disclosed to be its CONFIDENTIAL INFORMATION, may designate such information pursuant to this Protective Order. Likewise, a third party disclosing its own or a party's CONFIDENTIAL INFORMATION may do so under the terms of this Protective Order if the third party first agrees in writing to the terms of this Protective Order.

### 16.    SEEKING RELIEF FROM, MODIFICATION OR ENFORCEMENT OF THIS PROTECTIVE ORDER

This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, including an order requiring a receiving party to provide access to CONFIDENTIAL INFORMATION to any person not entitled to such access under this Order.

### 17.    PROTECTED INFORMATION AFTER TERMINATION OF THIS ACTION

(a)    This Order shall survive the termination of this Action.

(b)    After final termination of this Action, including any appeals, outside counsel identified in Subparagraphs 5(a) and 6(a) for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court, discovery responses and disclosures, including any CONFIDENTIAL INFORMATION contained therein.   Any CONFIDENTIAL INFORMATION contained in

outside counsel's archival file shall be maintained as CONFIDENTIAL INFORMATION pursuant to the terms of this Protective Order.

Within one hundred and eighty (180) days after final termination of this Action, including any appeals, or at a later date by agreement of the parties, all additional CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party—or in the possession, custody or control of any person allowed access to such information under Subparagraphs 5(a) or 6(a) of this Order—must either be: (1) returned to outside counsel for the producing party; or (2) destroyed and such destruction certified in writing to outside counsel for the producing party. Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business.

(c) The Court retains jurisdiction even after the termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

DATED at Denver, Colorado, this  23rd day of April, 2015.

**BY THE COURT:**


/s/ Nina Y. Wang
United States Magistrate Judge


STIPULATED AND AGREED:

/s/ Jeffrey H. Kass
Jeffrey H. Kass
JKass@Polsinelli.com
POLSINELLI, PC
1515 Wynkoop, Suite 600
Denver, CO 80202
Telephone: 303-572-9300

/s/ January D. Allen
January D. Allen
OVERTURF MCGATH & HULL, PC
625 East 16th Avenue, Suite 100
Denver, CO 80203
Telephone: 303-860-2848
Facsimile: 303-860-2869

Facsimile: 303-572-7883                    Email: jda@OMHlaw.com

*Attorney for Plaintiff Primal Wear*        *Attorney for Defendant Elizabeth K.*
                                            *Arch d/b/a Primal Yoga*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-CV-02474-CMA-NYW

PRIMAL WEAR, INC., a Colorado Corporation

       Plaintiff,

v.

Elizabeth K. Arch d/b/a PRIMAL YOGA,

       Defendants.

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

I, _____, state that:

My present employer is _____ and my present work address

is _____. My present title, occupation or job description is

_____. I have read and understand the provisions of the

Stipulated Protective Order entered in this action and I will comply with the provisions of that

Stipulated Protective Order. I consent to be subject to the jurisdiction of this Court for

enforcement of this Stipulated Protective Order. I am aware that if I violate the provisions of this

Stipulated Protective Order, this Court may order the entry of contempt sanctions against me.

I will hold in confidence and not disclose to anyone not qualified under the Stipulated

Protective Order CONFIDENTIAL INFORMATION, or any summaries, abstracts or indices of

any CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

Upon conclusion of the above-captioned litigation, including appeal, I will return to

outside counsel for the party for whom I was employed, retained or acted as witness, or destroy,

all CONFIDENTIAL INFORMATION and any summaries, abstracts and indices thereof, and

documents or materials that I received or prepared relating thereto—in my possession.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:                                          Signature:_

Name:                                        Title:_